IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**BEAUREARD M. HARVEY,**     CASE NO. 3:23 CV 1079

    Plaintiff,

    v.     JUDGE JAMES R. KNEPP II

**KURT RILLEMA,**

    Defendant.     **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

This matter involves a dispute between Plaintiff Beaureard M. Harvey and Defendant Kurt Rillema, the sole members of a Michigan Limited Liability Company, 522 Reynolds, LLC. *See* Doc. 1-3 (LLC Operating Agreement). Plaintiff alleges mismanagement in the LLC and brings claims for member oppression, accounting, fraud, and breach of fiduciary duty under Michigan law. (Doc. 1). Jurisdiction is proper under 28 U.S.C. § 1332.

Currently pending before the Court is Defendant's motion to dismiss Plaintiff's Complaint under the doctrine of *forum non conveniens* and Federal Civil Rule 12(b)(6), contending the LLC Operating Agreement – which Plaintiff attached to his Complaint – requires this matter be submitted to arbitration. (Doc. 5). Plaintiff opposes the motion (Doc. 10) and Defendant replies (Doc. 12). Plaintiff also, without seeking leave of Court, filed a Sur-Reply. (Doc. 13). While the motion to dismiss was pending, Plaintiff also filed a Motion for Summary Judgment (Doc. 11) and a Motion for Temporary Restraining Order (Doc. 14).

For the reasons discussed below, the Court grants Defendant's motion (Doc. 5), dismisses this action without prejudice, and denies Plaintiff's motions (Docs. 11, 14) as moot.

**BACKGROUND**

Plaintiff filed this case asserting four causes of action related to the alleged mismanagement of an LLC of which he and Defendant are the sole members: (1) Shareholder Member Oppression Under Mich. Comp. L. § 450.4515; (2) Accounting of Company Assets and Liabilities and Removal of Kurt Rillema From Company (citing Mich. Comp. L. § 600.3605); (3) Fraud, Silent Fraud, and Fraudulent Concealment; and (4) Breaches of Fiduciary Duty. (Doc. 1).

According to the Complaint, and attached LLC Operating Agreement, Plaintiff and Defendant are the sole members of "522 Reynolds, LLC", an LLC that owns commercial property in Toledo, Ohio. (Doc. 1; Doc. 1-3). Defendant is the LLC's Managing Member, and Plaintiff is Vice President/Secretary. (Doc. 1-3, at 6). Defendant has a 70% interest and Plaintiff 30%. *Id.* at 4.

Plaintiff describes the case as "aris[ing] out of the Defendant's bad faith breaches of contract and his various schemes of abuse, fiduciary breach, and fraud, perpetrated as manager and fiduciary of the Company against Plaintiff." (Doc. 1, at 1). Plaintiff asserts Defendant has, *inter alia*, failed to pay the LLC's property taxes, income taxes, and insurance. *See* Doc. 1. He asserts the LLC owes $124K in back property taxes (which Defendant collected from tenants but did not pay), leading to a threat of foreclosure. *Id.* at 2. He attaches a document purporting to represent these past-due taxes. (Doc. 1-4). Plaintiff further contends Defendant has committed various breaches of the LLC's Operating Agreement (Doc. 1-3) including, *inter alia*, failing to allow Plaintiff to inspect books and records. *Id.* at 2. He further asserts Defendant is misappropriating funds associated with the LLC and diverting them for personal use. *See, e.g.,* Doc. 1, at 11 ("Defendant has converted over $240,000 dollars of income annually since 2020"); Doc. 1, at 12 ("Defendant has attempted to further devalue and diminish the property of the Company by

attempting to take operating assets of the Company and interrupting business operations for his own personal financial needs through agents and disruptions"); Doc. 1, at 12 ("Causing the company to pay the personal expenses and costs of the Defendant, thereby funneling assets out of the Company in an unlawful manner").

The LLC Operating Agreement contains the following provision:

> 13. <u>Arbitration</u>
> Any dispute, controversy or claim arising out of or in connection with this Agreement or any breach or alleged breach hereof shall, upon the request of any party involved, be submitted to, and settled by, arbitration in the city in which the principal place of business of the Company is then located, pursuant to the commercial arbitration rules then in effect of the American Arbitration Association (or at any other time or place or under any other form of arbitration mutually acceptable to the parties involved). Any award rendered shall be final and conclusive upon the parties and a judgment thereon may be entered in a court of competent jurisdiction. The expenses of the arbitration shall be borne equally by the parties to the arbitration, provided that each party shall pay for and bear the cost of its own experts, including the attorney's fees of a party if the arbitrator expressly determines that the party against whom such award is entered has caused the dispute, controversy or claim to be submitted to arbitration as a dilatory tactic or in bad faith.

(Doc. 1-3, at 12). The Operating Agreement identifies the principal place of business of the Company as 100 W. Big Beaver Road, Suite 200, Troy, Michigan (*id.* at 2), and contains a Michigan choice of law provision (*id.* at 13).

Defendant was recently arrested in an unrelated matter and is in custody in the Oakland County Jail in Pontiac, Michigan. *See People v. Rillema*, No. 2023-284660-FC (Oakland Cnty. Ct.).

## STANDARD OF REVIEW

On a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court construes the complaint in the light most favorable to plaintiffs, accepts all factual allegations as true, and determines whether the complaint contains "enough

3

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### DISCUSSION

Defendant moves to dismiss this case under Civil Rule 12(b)(6) and the doctrine of *forum non conveniens* due to the arbitration clause in the Operating Agreement. He argues arbitration is the proper forum and this Court should dismiss the case without prejudice so the parties can proceed to arbitration. Plaintiff responds and asserts (1) Defendant has not initiated arbitration; (2) the differences between two versions of the Operating Agreements demonstrates fraud, "thus voiding the arbitration agreement"; (3) nothing remains to be determined in an arbitration because Defendant admitted the violations during a phone conference; and (4) there is no forum for arbitration because Defendant is incarcerated. (Doc. 10-1). He further "requests a hearing on the issue of whether the fraudulent conduct renders the Arbitration Clause void." *Id.* at 9.

Agreement to Arbitrate

It is a basic principle that "[t]he party seeking arbitration must prove that such an agreement exists. " *Bazemore v. Papa John's U.S.A., Inc.*, -- F.4th --, 2023 WL 4631540, at *1 (6th Cir.). If a genuine issue of material fact arises as to whether such an agreement exists, the court "shall proceed summarily to the trial thereof." 9 U.S.C. § 4; *Boykin v. Family Dollar Stores of Mich., LLC*, 3 F.4th 832, 837 (6th Cir. 2021). In order to show that the validity of the agreement is "in

issue," the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate. *Great Earth Cos. v. Simons,* 288 F.3d 878, 889 (6th Cir. 2002).

Here, Plaintiff attached the LLC Operating Agreement to his Complaint, asserting violations thereof and relating thereto. *See* Doc. 1, at 4 ("A true and accurate copy of the Operating Agreement is attached hereto as Exhibit #1"); (Doc. 1-3) (Operating Agreement); (Doc. 10-1, at 7) ("There is no dispute that [o]n February 6, 2019, the Defendant and Plaintiff entered into an Operating Agreement for the Company[.]"). Relying on the arbitration clause in that same agreement, Defendant moves to dismiss to elect the arbitration provision. *See* Doc. 5, at 1.

In opposition to dismissal, Plaintiff cites the violations he asserted in his Complaint (related to alleged mismanagement of the LLC, including failure to pay taxes, misappropriating funds, failing to comply with various terms of the Operating Agreement, etc.), and asserts this conduct "evidences intent to defraud"; he "requests a hearing on the issue of whether the fraudulent conduct renders the Arbitration Clause void." (Doc. 10-1, at 8-9). Plaintiff further references and attaches a 2021 letter he says he received, written by an attorney on behalf of Defendant. *Id.* at 1, 4, 10; (Doc. 10-2). To the letter is attached a slightly different version of the Operating Agreement. (Doc. 10-2). Plaintiff argues "[t]his provides a completely different agreement that defendant Rillema claims as the original. Plaintiff can prove that this is a fraud. Thus voiding the arbitration agreement." (Doc. 10-1, at 1). He requests a hearing to, *inter alia*, "allow Plaintiff to inquire as to . . . the fraudulent operating agreement he provided to his counsel in an attempt to commit fraud in 2021." (Doc. 10-1, at 10). In Reply, Defendant correctly points out that both versions contain the same language regarding arbitration and that Plaintiff "acknowledges that [Defendant] attached the proper agreement to the pending motion." (Doc. 12, at 2).

5

Nowhere in his Complaint or opposition brief does Plaintiff argue there was any fraud specific to the arbitration clause. It is "settled law that unless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause *to agree to inclusion of that clause* in the contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause." *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1138 (6th Cir. 1991) (citing *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n. 14 (1974)). The same is true specifically with regard to arbitration clauses. *See Prima Paint v. Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1963) ("[I]f the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the 'making' of the agreement to arbitrate—the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally.").

Essentially, a party must specifically allege fraud in the inducement of the arbitration provision of an agreement before there can be judicial review of the entire agreement in the first instance. *See Burden v. Check Into Cash of Kentucky, LLC*, 267 F.3d 483, 491 (6th Cir. 2001) ("[F]or a complaint of fraud in the inducement to survive *Prima Paint*, the complaint must contain 'a well-founded claim of fraud in the inducement of the arbitration clause itself, *standing apart from the whole agreement*, that would provide grounds for the revocation of the agreement to arbitrate.'") (quoting *Arnold v. The Arnold Corp.*, 920 F.2d 1269, 1278 (6th Cir. 1990) (emphasis in *Arnold*)); *see also DetailxPerts Franchise Sys., LLC v. TKTM Enterprises, LLC*, 2018 WL 5885503, at *2-3 (E.D. Mich.) ("Coyne claims that the entire Franchise Agreement is invalid due to fraud in the inducement. Specifically, Coyne alleges that DetailXPerts made material misrepresentations, omissions, and false statements in connection with the Franchise Agreement;

6

nowhere in his counterclaim does Coyne assert that DetailXPerts engaged in fraud with respect to the arbitration provision. Given the above, Coyne's counterclaim must be dismissed.")

Plaintiff has made no such allegation or showing specific to the arbitration clause. Moreover, both parties rely on the same version of the Operating Agreement for purposes of the instant motion. The Court therefore finds that there is no genuine dispute regarding the validity of the arbitration clause.

Arbitration Agreement Covers Claims At Issue

As noted, the LLC Operating Agreement provides that "[a]ny dispute, controversy or claim arising out of or in connection with this Agreement or any breach or alleged breach hereof shall, upon the request of any party involved, be submitted to, and settled by, arbitration in the city in which the principal place of business of the Company is then located, pursuant to the commercial arbitration rules then in effect of the American Arbitration Association[.]". (Doc. 1-3, at 12).

"An arbitration clause containing the phrase 'any claim or controversy arising out of or relating to this agreement' is considered the paradigm of a broad arbitration clause. Such a clause generally requires arbitration of all claims touching matters covered by the agreement." *Verizon Advanced Data, Inc. v. Frognet, Inc.*, 2006 WL 2373265, at *3 (S.D. Ohio); *see also Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498 (6th Cir. 2007) (holding arbitration clause in a Purchase and Sales Agreement (PSA) for water resources underneath the owners' land that "govern[ed] any controversy 'arising out of' the PSA was 'extremely broad' ") (quoting *Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 160 (6th Cir. 1983)).

The arbitration provision here contains similarly broad language: "Any dispute, controversy or claim arising out of or in connection with this Agreement or any breach or alleged breach hereof . . ." (Doc. 1-3, at 12). The claims asserted in Plaintiff's Complaint all relate to

alleged mismanagement of the LLC, its funds, and specific violations of the LLC Operating Agreement. *See* Doc. 1. And in his opposition brief, Plaintiff presents no specific argument that his claims do not fall within the language of the arbitration provision. He only argues vaguely and without supporting citation that "there are multiple issues in the Michigan LLC act that require judicial determination, not arbitration"; "[t]he facts show that the defendant has committed fraud and engaged in unlawful acts that are not proper pursuant to Michigan Law or Arbitration." (Doc. 10-1, at 6-7).

Given the broad language of the arbitration clause – "[a]ny dispute, controversy or claim arising out of or in connection with this Agreement or any breach or alleged breach hereof" – the Court finds all of Plaintiff's claims fall within the scope of that provision.

Mechanism to Enforce Arbitration Provision

*Arbitration Agreement as Forum Selection Clause*

Federal Courts often refer to arbitration clauses as a "type" of forum selection clause. *See Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 534 (1995) (commenting that "foreign arbitration clauses are but a subset of foreign forum selection clauses in general"); *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974) ("An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause[.]"); *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1138 (6th Cir. 1991) (referring to arbitration clauses as "a particular type of forum selection clause"); *Big City Small World Bakery Cafe, LLC v. Francis David Corp.*, 265 F. Supp. 3d 750, 757 (E.D. Mich. 2017) ("An arbitration clause is a type of forum-selection clause.") (quoting *Grasty v. Colorado Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015)). That is, the "forum" selected is the arbitral forum.

*Dismissal or Transfer as Mechanism to Enforce Arbitration Clause*

At the outset, Defendant moves to dismiss, rather than to compel arbitration. This is because this Court – sitting in Ohio – would not have authority to compel arbitration in the forum the Operating Agreement contemplates ("in the city in which the principal place of business of the Company is then located", which is identified by the agreement as 100 W. Big Beaver Rd., Suite 200, Troy, Michigan (Doc. 1-3, at 2, 13)). *See, e.g.*, *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1018 (6th Cir. 2003) ("[T]he Federal Arbitration Act prevents federal courts from compelling arbitration outside their own district."); (citing 9 U.S.C. § 4); *see also Mgmt. Recruiters Int'l, Inc. v. Bloor*, 129 F.3d 851, 854 (6th Cir. 1991) ("[U]nder Section 4 of the FAA, only a district court in the state where the parties agreed to arbitrate has jurisdiction to order arbitration...."). Defendant further contends that dismissal is more efficient than transfer. *See* Doc. 5, at 7 ("Transferring this case to the Eastern District of Michigan would duplicate the efforts necessary to arbitrate this case. After transfer, Defendant would need to file a new motion seeking to compel arbitration and wait for a ruling. It would be far more practical to dismiss this case without prejudice and let the parties file for arbitration in Michigan.").

In *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, the Supreme Court held that "the appropriate way to enforce a forum-selection clause" is to transfer the case to the proper district court under 28 U.S.C. § 1404(a). 571 U.S. 49, 60 (2013). However, the Court expressly did not decide whether dismissal under Rule 12(b)(6) was available as an alternative means of enforcing a forum selection clause because the parties did not argue the issue. *See id.* at 61.

The Sixth Circuit subsequently held that whether to dismiss or transfer claims based on a valid forum selection clause is within a district court's discretion. *Smith v. Aegon Cos. Pension*

9

*Plan*, 769 F.3d 922, 933-34 (6th Cir. 2014). And it later held that "a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is a permissible way to enforce forum-selection and arbitration clauses." *Wilson v. 5 Choices, LLC*, 776 F. App'x 320, 326 (6th Cir. 2019); *see also Milan Exp. Co. v. Applied Underwriters Captive Risk Assur. Co.*, 590 F. App'x 482, 486 (6th Cir. 2014) ("Insofar as the claims asserted stem from 'disputes arising under the Agreement,' and are therefore subject to arbitration, the court could have dismissed Milan's complaint without prejudice. We have approved this approach in several cases."); *Race Winning Brands, Inc. v. Crawford*, 601 F. Supp. 3d 279 (N.D. Ohio 2022) (dismissing claims, rather than transferring).

Although Plaintiff is correct that the agreement does not contain a traditional forum selection clause requiring a dispute to be brought in a specific court, the Court finds that given the law regarding arbitration clauses as a particular type of forum selection clause and Defendant's invocation of the arbitration clause here, dismissal without prejudice is appropriate.

<u>Remaining Arguments</u>

The Court finds Plaintiff's remaining arguments unavailing. First, Plaintiff contends Defendant may not move to dismiss before initiating arbitration. He provides no caselaw to support this proposition, nor has the Court's independent research revealed any. Plaintiff correctly points out that the arbitration clause is permissive, rather than mandatory, and requires a party to elect it ("upon the request of any party involved"). However, Defendant, in filing the present motion, has clearly so elected. Second, the Court simply rejects Plaintiff's argument that Defendant has admitted everything necessary to a determination and thus there is nothing further for an arbitration to determine. And third, as to Plaintiff's argument that arbitration is not an available forum because Defendant is incarcerated, the Court finds Defendant's incarceration does not render arbitration unavailable. Through counsel, or videoconferencing, or phone, Defendant can be made available.

10

As such, in the exercise of its discretion in light of the arbitration clause, the Court grants Defendant's motion to dismiss so that the parties may arbitrate their disputes.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 5) be, and the same hereby is, GRANTED and this matter is dismissed without prejudice; and it is

FURTHER ORDERED that Plaintiff's Motions for Summary Judgment (Doc. 11) and for a Temporary Restraining Order (Doc. 14) be, and the same hereby are, DENIED as moot.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE